

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00389-CR

**MYSTEE LYNN JACKSON,**

                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**                    **Appellee**

---

### From the 82nd District Court
### Falls County, Texas
### Trial Court No. 9831

---

## MEMORANDUM OPINION

---

Mystee Lynn Jackson pled guilty to possession of a controlled substance, methamphetamine, under one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017). An adjudication of guilt was deferred and Jackson was placed on community supervision for three years. Pursuant to a motion to proceed with adjudication, Jackson's community supervision was revoked and Jackson was adjudicated guilty. She was sentenced to 16 months in State Jail.

Jackson's appellate attorney filed a motion to withdraw and an *Anders* brief in

support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel advised Jackson that counsel had filed the motion and brief pursuant to *Anders* and provided Jackson a copy of the record, advised Jackson of her right to review the record, and advised Jackson of her right to submit a response on her own behalf. Jackson did not submit a response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire reporter's record and clerk's record for non-frivolous issues, including a review of the proof and elements necessary to revoke deferred adjudication community supervision, the procedure used by the trial court, and the sentence imposed. After the review, counsel has concluded there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L.

Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have determined that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment Adjudicating Guilt signed on November 30, 2017.

Should Jackson wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Jackson is granted, and counsel is discharged from representing Jackson in this appeal. Notwithstanding counsel's discharge, counsel must send Jackson a copy of our decision, notify her of her right to file a pro se petition for discretionary review, and send this Court a letter

certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. Tᴇx. R. Aᴘᴘ.

P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


                                    TOM GRAY
                                    Chief Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Justice Davis concurs in the judgment without opinion)
Affirmed
Opinion delivered and filed April 11, 2018
Do not publish
[CR25]

